Filed 10/3/13  P. v. Spencer CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>            v.<br><br>CLAUDE CHARLES SPENCER,<br><br>      Defendant and Appellant. | F065770<br><br>(Super. Ct. No. F10904772)<br><br><br>**OPINION** |

-ooOoo-

## THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County.  Ralph Nunez, Judge.  (Retired judge of the Fresno County Sup. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)

Catherine White, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Kathleen A. McKenna, Deputy Attorney General, for Plaintiff and Respondent.

-ooOoo-

---

\*      Before Gomes, Acting P.J., Kane, J. and Franson, J.

Appellant, Claude Charles Spencer, pled no contest to transportation of cocaine base (count 1/Health & Saf. Code, § 11352, subd. (a)); possession for sale of cocaine base (count 2/Health & Saf. Code, § 11351); and he admitted five prior prison term enhancements (Pen. Code, § 667.5, subd. (b))[1] and two prior conviction enhancements (Health & Saf. Code, § 11370.2).

On appeal, Spencer contends: 1) his abstract of judgment contains two clerical errors, and 2) the court erred by its failure to recalculate his presentence custody credit. We find merit to Spencer's first contention and direct the court to issue a corrected abstract of judgment. In all other respects, we affirm.

## FACTS

On September 16, 2010, Fresno police officers arrested Spencer during a traffic stop after they found a glass pipe with white residue and a burnt tip, and a baggie containing 1.29 grams of cocaine base on his person. Spencer admitted to the officers he was taking the cocaine base to a hotel to sell it for $50.

On September 20, 2010, the district attorney filed a complaint charging Spencer with the counts and enhancements he pled to.

On March 28, 2011, Spencer entered his plea in this matter.

On October 25, 2011, the court struck four prior prison term enhancements and sentenced Spencer to a six-year local term: the aggravated term of five years on count 1, a stayed four-year term on count 2, a one-year prior prison term enhancement, and two stayed three-year prior conviction enhancements.

On June 19, 2012, Spencer filed a motion seeking compassionate release pursuant to section 1170, subdivision (e), which the court denied on July 5, 2012.

On July 11, 2012, the court awarded Spencer 538 days of presentence custody credit consisting of 269 days of presentence actual custody credit and 269 days of

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

2

presentence conduct credit.  The court also noted that the stayed terms on the prior conviction enhancements were unauthorized and it struck the enhancements.[2]  The court did not otherwise modify Spencer's sentence or his award of actual custody credit.

## DISCUSSION

### *The Error in the Abstract of Judgment*

Spencer contends his abstract of judgment erroneously fails to indicate that the sentence on count 2 was stayed.  We agree.

> "'It is not open to question that a court has the inherent power to correct clerical errors in its records so as to make these records reflect the true facts.  [Citations.]  The power exists independently of statute and may be exercised in criminal as well as in civil cases.  [Citation.]  The power is unaffected by the pendency of an appeal or a habeas corpus proceeding.  [Citation.]  The court may correct such errors on its own motion or upon the application of the parties.'  [Citation.]  Courts may correct clerical errors at any time, and appellate courts (including this one) that have properly assumed jurisdiction of cases have ordered correction of abstracts of judgment that did not accurately reflect the oral judgments of sentencing courts.  [Citations.]" (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)

Although the court stayed the four-year term it imposed on count 2, Spencer's abstract of judgment erroneously indicates the court imposed a concurrent four-year term on this count.

Additionally, item 8 of Spencer's abstract of judgment (Judicial Council Form CR-290) states that the six-year term imposed by the trial court is the "Total Time Excluding County Jail Term."  Spencer contends the abstract of judgment should be amended to reflect that the total term includes the county jail term the court imposed.

---

**2**      The reporter's transcript of this hearing indicates the court struck the enhancements.  The minute order of the hearing, however, indicates the court struck only the punishment.  Since the oral pronouncement controls over the minute order (*People v. Mesa* (1975) 14 Cal.3d 466, 471), we find that the court struck the actual enhancements, not just the punishment.

The language complained of is incorrect because Spencer was sentenced to local time. This issue arose because the trial court used the version of Judicial Council form CR-290 entitled "Abstract of Judgment-Prison Commitment-Determinate," which was revised on July 1, 2009. However, this version of CR-290 is not suitable for commitments to county jail pursuant to section 1170, subdivision (h)(1) and (2), and has been superseded by the version of Form CR-290 that was revised and became effective on July 1, 2012. This latest version of Form CR-290 is entitled "Felony Abstract of Judgment-Determinate" and should have been used by the trial court when it issued an amended abstract of judgment on July 11, 2012, because it is meant to be used for local commitments pursuant to the above-noted subsections of section 1170, subdivision (h), as well as determinate prison commitments. Additionally, section 8 of the latest version of Form CR-290 simply states, "Total Time." In view of the foregoing and the other error complained of above, we will direct the trial court to issue an amended abstract of judgment using the version of Form CR-290 that was revised effective July 1, 2012.

***The Credit Issue***

Spencer contends the court modified his sentence at the July 11, 2012, hearing when it struck the two-year prior conviction enhancement it had previously imposed and stayed. He relies on *People v. Buckhalter* (2001) 26 Cal.4th 20 to contend that this modification required the court to calculate the days he spent in custody from October 25, 2011, through July 11, 2012, and to include these days in his abstract of judgment. We disagree.

Section 2900.1 provides: "Where a defendant has served any portion of his sentence under a commitment based upon a judgment which judgment is subsequently declared invalid or which is modified during the term of imprisonment, *such time shall be credited upon any subsequent sentence he may receive upon a new commitment for the same criminal act or acts.*" (Italics added.)

4

In explaining the application of section 2900.1, the Supreme Court in *Buckhalter* held, "[W]hen a prison term already in progress is modified as the result of an appellate sentence remand, the sentencing court must recalculate and credit against the modified sentence *all actual time* the defendant has already served, whether in jail or prison, and whether before or since he was originally committed and delivered to prison custody." (*Buckhalter, supra,* 26 Cal.4th at p. 29.) Credit for these days should be awarded in the new abstract of judgment. (*Id.* at p. 41.)

*Buckhalter* is inapposite because Spencer was not serving a prison term when the court struck the prior conviction enhancements and his sentence was not modified "as a result of an appellate sentence remand." (*Buckhalter, supra,* 26 Cal.4th at p. 29.) Instead, after noticing that the stayed terms imposed on the prior conviction enhancements were unauthorized,[3] the trial court simply struck the enhancements without altering any of the other components of Spencer's sentence. Thus we conclude the trial court did not err by its failure to calculate and include in his abstract of judgment the actual days Spencer served in custody between the date of his sentencing on October 25, 2011, and July 11, 2012, the date the court struck the prior conviction enhancements.

## DISPOSITION

The trial court is directed to issue an amended abstract of judgment (Form CR-290, revised on July 1, 2012) that does not list the two prior conviction enhancements that were stricken by the court and which shows that the court imposed a stayed term on count 2 and to forward a certified copy to the appropriate authorities. In all other respects, the judgment is affirmed.

---

[3] *People v. Lopez* (2004) 119 Cal.App.4th 355, 364 (ordinarily an enhancement must be either imposed or stricken in furtherance of justice pursuant to section 1385).

5